UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:90CR30 JCH |
| ) | |
| STANLEY PRUITT, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2), filed March 1, 2005. (Doc. No. 64). The matter is fully briefed and ready for disposition.

Defendant Stanley Pruitt originally was charged in a multi-count, multi-defendant indictment with conspiracy to distribute cocaine (Count 1). Defendant further was charged with three counts of being a felon in possession of firearms (Counts 11, 13 and 24),[1] three counts of using and carrying firearms during and in relation to drug trafficking crimes (Counts 10, 12 and 23), one count of possession with intent to distribute cocaine (Count 17), and two counts of distribution of cocaine (Counts 21 and 22).

Following a six-week jury trial in 1991, Defendant was convicted on Counts 1, 10, 12, 17, 21, 22 and 23. He was sentenced to 360 months imprisonment on Counts 1, 17, 21 and 22; 60 months on Count 10; and 240 months on each of Counts 12 and 23.[2] Defendant appealed his

---

[1] The Government dismissed these three counts on September 10, 1991, the nineteenth day of trial.

[2] The sentences imposed under Counts 10, 12 and 23 were to run consecutive to each other, and consecutive to the sentence imposed under Counts 1, 17, 21 and 22.

conviction and sentence to the Eighth Circuit Court of Appeals, which upheld the district court's rulings. United States v. Ortiz-Martinez, 1 F.3d 662 (8th Cir. 1993).

On July 12, 1996, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. In an Order entered November 12, 1998, this Court granted Defendant's motion with respect to his claim that his Title 18 U.S.C. § 924(c) convictions were invalid after the Supreme Court ruling in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). This Court then re-sentenced Defendant on April 19, 1999, to 360 months imprisonment on each of Counts 1, 17, 21 and 22, all terms to run concurrently. This Court's rulings on Defendant's § 2255 motion and his re-sentencing were upheld on appeal. Pruitt v. United States, 233 F.3d 570 (8th Cir. 2000), cert. denied, 533 U.S. 932 (2001).

As stated above, Defendant filed the instant Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) on March 1, 2005. (Doc. No. 64). As the Court construes Defendant's motion, he claims this Court's findings that the offense involved between 50 and 150 kilograms of cocaine, and that Defendant was a manager or supervisor of criminal activity that involved five or more participants or was otherwise extensive, were impermissible under United States v. Booker, 543 U.S. 220 (2005). Defendant continues to assert that, absent such findings, his base offense level would have been 32, and he therefore should be re-sentenced accordingly.

## DISCUSSION

As noted above, Defendant argues he must be re-sentenced, as the calculation of his base offense level relied on impermissible judicial findings. (Doc. No. 64). In asserting the findings were impermissible, Defendant necessarily relies on the Supreme Court's ruling in Booker. In Never Misses A Shot v. United States, however, the Eighth Circuit held that, "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and

- 2 -

thus does not benefit movants in collateral proceedings." <u>Never Misses A Shot v. United States</u>, 413 F.3d 781, 783 (8th Cir. 2005) (citations omitted). Since <u>Booker</u> does not apply retroactively, Defendant is not entitled to the ruling he seeks, and so the instant motion must be denied. See <u>Gutierrez v. United States</u>, 2006 WL 1069439 (8th Cir. Apr. 24, 2006).[3]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 64) is **DENIED**.

Dated this <u>29th</u> day of July, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[3] To the extent Defendant claims his motion arises directly under 18 U.S.C. § 3582(c)(2), the Court notes the alleged lowering of his Guidelines sentencing range was not undertaken by the Sentencing Commission, as required by that statute.